White, J.
We are unanimous in the opinion that these judgments must be reversed.
The undertaking to be given to perfect an appeal is provided for by statute. Section 112 of the justices’ act provides as follows: “ The party appealing shall, within ten days from the rendition of the judgment, enter into an undertaking to the adverse party, with at least one good and sufficient surety, to be approved of by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of the judgment and costs, conditioned: 1. That the appellant will prosecute his appeal to effect, without unnecessary delay; 2. That if judgment be adjudged against him on appeal, he will satisfy such judgment and costs; Such undertaking need not be signed by the appellant.”
It is clearly to be implied from this provision that the undertaking is required to be signed by the sureties, although it need not be by the appellant.
The execution of the undertaking is the act of the parties entering into it. The justice is merely required to approve of the sufficiency of the sureties.
In the present case, the undertaking purports to have been executed only by Baker. Frima facie, it appears to have been unexecuted by the other parties whose names appear in the body of it, and hence upon them to impose no obligation. Nothing was shown by the plaintiff to change this prima facie case. The exclusion of the evidence offered by the defendants was therefore immaterial; for the same result would follow without the evidence as was proposed to be established by it.
The judgments are sought to be supported on the ground that the approval of the undertaking by the justice, and the recording of it upon his docket, preclude the parties named in the body of it from denying its execution on their part. We do not concur in this view. The approval *36 and recording of the undertaking presuppose its execution. Until it exists, it can neither be "approved or recorded ; nor is it essential to its validity that it should be entered on the docket. Job v. Harlan, 13 Ohio St. 485. The act of the justice in approving of the sufficiency of the sureties to the instrument and entering it on the docket, can not have the effect of adding to it new parties or of extending its obligation to those who never authorized it.
The question is not affected by the decision in the case of Herig v. Nougaret, 7 Ohio St. 480, nor by the comments upon that case found in Gaylor v. Hunt, 22 Ohio St. 262.
In the former case the defendant was sued on an undertaking for stay of execution. The signature of the defendant on the docket, affixed for the purpose of staying execution, was not denied, but admitted. The name of the surety thus signed was authority to the justice to write the terms of the undertaking above the signature; and it was the undertaking when thus completed that was said, in Gaylor v. Hunt, to constitute a debt of record. But it was not said that, in the absence of authority from the surety, he would have been bound by the mere act of the justice.
Leave granted; judgments reversed, and cause remanded to the court of common pleas.